FILED
SUPERIOR COURT
OF GUAM

2013 AUG 16 AM 11: 16

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| BOBBIE JEAN MANTANONA,<br><br>Plaintiff,<br><br>v.<br><br>DUANE MANUEL CRUZ,<br><br>Defendant. | DOMESTIC CASE NO. DM 0092-13<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on the 30th day of July, 2013, on reassignment after the disqualification of the Honorable Vernon Perez from presiding over this case. Attorney Matthew Wolff of Guam Legal Services Corporation represents the Plaintiff, and Attorney Gary Gumataotao represents the Defendant. On review of the briefing on the Defendant's pending motion to dismiss, the Court now issues the following Decision and Order dismissing this case.

### I. Procedural Background

The complaint for child custody and support in this case was filed by the biological mother of a minor ward of a court-appointed guardian. Pending before the Court in companion case JP0791-09 is the mother's petition to terminate the guardianship that this Court awarded in that case. In this case, the Defendant has moved to dismiss.

## II. Analysis

The Court cannot conclude that the doctrine of *res judicata*, invoked by the Defendant in the motion to dismiss, bars the mother from seeking custody of the minor and child support. The mother's right to do so is protected not only by 19 GCA chapter 9, but also by the Constitution as incorporated by the Organic Act of Guam. *See Troxel v. Granville*, 530 U.S. 57 (2000). Nevertheless, although the Defendant purports to argue *res judicata*, it appears to the Court that the substance of the Defendant's argument is closer in character to a challenge to this Court's subject matter jurisdiction on the basis of the ripeness of this matter for adjudication.

Rule 12(h)(3) of the Guam Rules of Civil Procedure empowers this Court to consider its jurisdiction over the subject matter of a case at any time and requires this Court to dismiss any case over which it finds it lacks subject matter jurisdiction. The ripeness of a matter for adjudication is an essential component of a court's subject matter jurisdiction over it. As the Supreme Court of Guam stated in *People v. Gay*, 2007 Guam 11, ¶ 8, "an issue is not fit for judicial review when it involves contingent future events that may not occur as anticipated, or indeed may not occur at all."

Here, the complaint for custody and support is "contingent" on the termination of the guardianship, a "future [event] that may not occur as anticipated, or indeed may not occur at all." *Id.* Accordingly, the Court concludes that the questions of child custody and support are not yet ripe for adjudication, and that it lacks subject matter jurisdiction over this case.

The Court understands and notes Plaintiff's counsel's concerns about the risk of procedural gridlock and delay in this matter, and commends Plaintiff's counsel for his diligence and thoroughness in taking this approach to mitigating that risk. However, the parties are advised that the Court, in the interest of judicial economy, intends to consider and rule on the

issues of custody and support if and when they arise in the course of its disposition of the petition to terminate guardianship in JP0791-09, rather than in a separately filed custody and support action.

## CONCLUSION

On the basis of the Court's lack of subject matter jurisdiction, this case is hereby DISMISSED.

**IT IS SO ORDERED** this AUG 1 6 2013 day of August, 2013.



HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing us a
full true and correct copy of the original or
file in the office of the clerk of the Superior
Court of Guam
Dated at Hagåtña, Guam

AUG 1 6 2013

Joseph J.
Deputy Clerk, Superior Court of Guam